UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVERT L. EOFF,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C05-5324FDB

ORDER DENYING 2255 MOTION

## INTRODUCTION

Petitioner has moved pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and he asserts several grounds to which the United States has responded. Petitioner was charged with a codefendant (Stanard) concerning a conspiracy to blow up a building used in interstate commerce and with carrying a destructive device during a crime of violence. During the pendency of Eoff's case, facts concerning Eoff's interest in having Assistance U. S. Attorney Bruce Miyake killed came to the attention of the Government. A superseding indictment was filed on February 5, 2003 reflecting the murder plot. On February 19, 2004, Eoff entered into a Plea Agreement wherein he plead guilty to two charges relating to his plot to murder Bruce Miyake (solicitation to commit a crime of violence and using the mail in the commission of murder-for-hire). The crimes were punishable by up to 20 years and 10 years imprisonment, respectively. Under the Plea Agreement, Eoff was sentenced to a total term of 270 months – 22 ½ years – regardless of what the Sentencing Guidelines might apply and the Government agreed to dismiss the remaining charges against Eoff. Eoff makes the following claims in his 2255 Petition, but none have merit.

ORDER - 1

# DISCUSSION

### A. Ineffective Assistance of Counsel by Failure to Appeal Conviction and Sentence

"An unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). Eoff entered an unconditional guilty plea and did not reserve the right to challenge any nonjurisdictional issues and Eoff does not now raise any jurisdictional issues. Where a defendant pleads guilty pursuant to Rule 11(c)(1)(C) and receives the sentence called for under the plea agreement – as did Eoff – 18 U.S.C. § 3742 bars appeal of the defendant's sentence unless it is either illegal or Guidelines-based. *See United States v. Littlefield*, 105 F.3d 527 (9th Cir. 1997). Eoff's 270-month sentence was not illegal because it was less than the maximum-available 30-year sentence and it was not passed upon a Sentencing Guidelines calculation. Plaintiff has not demonstrated inadequate performance by his counsel nor prejudice from counsel's performance and his inadequate assistance of counsel claims fail.

### B. Denial of Due Process by Prosecutorial Misconduct

Eoff argues prosecutorial misconduct as follows: (1) the use of Bruce Miyake as lead attorney on the case involving the murder-for-hire of Bruce Miyake was a conflict of interest, (2) the use of a transcript in the Grand Jury by a witness who could not authenticate it, (3) asserting the escape plot as justification for deeming the escape plot terminated when lack of a motorcycle with which to make payment rendered the crime an impossibility, (4) using inmate Helsel who was Eoff's jailhouse lawyer as an informant, and (5) using the original charges as a bargaining chip in plea negotiations when the prosecution knew of exculpatory evidence in the original charges.

These claims relate to the alleged deprivations of constitutional rights that occurred prior to the entry of Eoff's guilty plea and are now procedurally barred. *See United States v. Foreman*, 329 F.3d 1037, 1038 (9th Cir. 2003); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Additionally, the Government has detailed the reasons that Eoff's contentions of prosecutorial misconduct lack merit,

ORDER - 2

and the Court agrees that they are without merit. Bruce Miyake was not a percipient witness regarding the murder-for-hire plot, he was not called as a witness in any proceeding, and he was removed as counsel and Andrew Friedman substitution upon the Government's learning of the plot, although Miyake remained in name only so as not to alert Eoff. The Grand Jury witness did not rely almost exclusively on the transcript, rather ATF Agent Christopher Taylor summarized the entire investigation. The fact that Eoff did not own a motorcycle did not in itself make him innocent of the crime. The use of Helsel did not violate Eoff's rights:

> *Massiah* [*v. United States*, 377 U.S. 201 (1964)] offers no immunity from liability for uncounseled, and post-indictment statements that involve different criminal acts. Such statements, even though deliberately elicited by government agents after indictment and in the absence of counsel, may form the basis for a separate indictment and may be offered to prove such additional charges... . *Massiah* is limited to holding that incriminating statements made by indicted defendants out of the presence of counsel may not be admitted at trial to prove the charge in the pending indictment.

*United States v. Chu,* 779 F.2d 356 (7th Cir. 1985). While the Government inquired of Helsel about statements Eoff previously made about th pending charges, it then expressly instructed Helsel not to discuss Eoff's pending case further with Eoff. There was much evidence against Eoff regarding the Port Angeles bomb case: Eoff was arrested riding in the car with the bomb, four co-defendants would have testified against him, and that while Klar originally intended to blow up Eoff's car – a fact disclosed to Eoff in discovery – he subsequently gave the bomb to Eoff. Also, counts are routinely dismissed in plea bargained cases.

### C. No Separate Sentence for Each Count Constitutes Due Process Violation

Eoff had an opportunity to be heard at his sentencing or on a direct appeal regarding his claim that his rights were violated at sentencing, and he is now procedurally defaulted. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003). At Eoff's sentencing, the parties agreed to a 270-month sentence and the Court imposed the agreed-upon sentence. The Court sees no reason to amend the agreed-upon sentence in any way.

### D. *Blakely* and *Booker* Claims

ORDER - 3

Eoff claims that his fifth and sixth amendment rights under the U. S. Constitution have been violated in light of the decisions under *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 725 (2005). These claims fail as Eoff had an opportunity to be heard at sentencing or on appeal but did not raise any claim, and he is now procedurally defaulted. This Court has consistently held that *Blakely* and *Booker* do not apply retroactively for the reasons elaborated upon in the Government's Answer to this 2255 petition. New rules are generally not applied retroactively to criminal cases on collateral review, *Teague v. Lane*, 489 U.S. 288 (1989). The two narrow exceptions do not apply herein as the new rule is not a substantive rule narrowing the scope of a criminal statute or putting particular conduct or persons covered by the statute beyond the State's power to punish. Neither is the new rule a watershed rule of criminal procedure. The Ninth Circuit recently held that *Blakely* did not announce a watershed rule of criminal procedure and therefore "does not apply retroactively to convictions that became final prior to its publication." *Schardt v. Payne*, ____ F.3d ____ 2005 U.S. App. LEXIS 13569, at *2 (9th Cir. July 8, 2005). Seven other circuits had addressed the retroactivity of *Blakely* and *Booker* concluding that although they create a new rule, it is neither a substantive rule nor a watershed rule of criminal procedure and the decisions do not apply retroactively. (Citations in Government's brief omitted.)

Finally, Eoff's sentence was not based upon a Sentencing Guidelines calculation; rather it was a bargained for sentence.

### E. Psychological Evaluation

Eoff contends that his counsel failed him in not obtaining a psychological evaluation. There is no evidence in this case, wherein Eoff was represented by three separate lawyers, that there was any need for a mental health examination.

/////

/////

## CONCLUSION

ORDER - 4

1    For the foregoing reasons, Eoff's Section 2255 Motion must be Denied.

2    NOW, THEREFORE,

3    IT IS ORDERED: Eoff's Motion pursuant to 28 U.S.C. § 2255 is DENIED.

4    DATED this 20th day of September, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5